UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MOTORISTS MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 1:18-cv-2225 |
| AUTO SALES & SERVICE, INC., CHAD HOCKETT, AND CHRISTOPHER EMERICK as Personal Representative of the Estate of CRYSTAL EMERICK, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Motorists Mutual Insurance Company ("Motorists Mutual"), by counsel, for its Complaint for Declaratory Judgment against Defendants Auto Sales & Service, Inc. ("Auto Sales"), Chad Hockett ("Hockett") and Christopher Emerick as Personal Representative of the Estate of Crystal Emerick ("Emerick") alleges and states as follows:

1. This Complaint is a Complaint for Declaratory Judgment brought pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure.

## THE PARTIES

2. Motorists is an insurance company incorporated in Ohio with its principal place of business in Columbus, Ohio and is licensed to do business in the State of Indiana. Motorists is a mutual company and the laws of Ohio treat such as a corporation. Motorists is thus a citizen of Ohio.

3. Auto Sales is a company incorporated in Indiana with its principal place of business in Indianapolis, Indiana. Auto Sales is a citizen of Indiana.

4. Hockett is a citizen of the State of Indiana.

5. Emerick is a citizen of the State of Indiana as is the Estate for which he serves as a personal representative.

## JURISDICTION AND VENUE

6. This matter is a civil action for which the District Court of the United States has original jurisdiction because there exists a diversity of citizenship between the Plaintiff Motorists Mutual and the Defendants Auto Sales, Hockett and Emerick and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. The venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## FACTS RELATING TO THE UNDERLYING ACTION

8. On October 4, 2017, Emerick filed a Complaint against multiple defendants including Auto Sales and Hockett in the Marion County Court under Cause No. 49D12-1710-CT-037422 ("the Underlying Action"). A copy of the Complaint for Damages is attached hereto as Exhibit A.

9. In the Complaint in the Underlying Action, Emerick alleges that on June 19, 2017, a vehicle operated by Hockett lost a tire while traveling in Indianapolis and the tire hit the vehicle operated by Crystal Emerick killing her ("the Accident").

10. In the Complaint in the Underlying Action, Emerick alleges that Hockett was an agent of Auto Sales (as well as other Defendants in the Underlying Action ADE Inc. d/b/a Auto Dealers Exchange ("ADE") and 8415844 Canada, Inc. d/b/a LA Leasing ("LA Leasing") and at the time of the incident was in the course and scope of that agency.

11. In the Complaint in the Underlying Action, Emerick alleges that Auto Sales had possession of or had responsibility for inspecting the vehicle involved in the Accident and maintaining it in a roadworthy condition for the benefit of the motoring public.

12. In the Complaint in the Underlying Action, Emerick alleges that LA Leasing owned the vehicle at the time of the Accident and had purchased it from ADE, each of which also had the obligation to keep the vehicle safe for operation on a public road.

13. In the Complaint in the Underlying Action, Emerick also alleged that another Defendant in the Underlying Action, 2513989 Ontario, Inc. d/b/a 416 Autoplex ("Autoplex") serviced and provided the vehicle to LA Leasing prior to its purchase and left it in an unsafe condition.

14. In the Complaint in the Underlying Action, Emerick alleges that each of the Defendants including Auto Sales and Hockett failed to properly inspect the vehicle, failed to install or have the tires installed in a reasonable safe fashion, failed to adequately tighten the lug nuts, failed to have the vehicle towed to a shop so that conditions could be corrected, operated the vehicle with a tire that was not properly secured, operated the vehicle after the operational difficulties were discovered, failed to inspect the vehicle, failed to notify potential purchasers or operators of the defective condition, failed to instruct the agents not to operate the vehicle and operated the vehicle on the public roadway that was unsafe and endangered.

15. In the Complaint in the Underlying Action, Emerick alleges that Auto Sales was vicariously liable for the acts or omissions of its agents including Hockett and that Auto Sales was also careless and independently negligent for many of the allegations made in the Complaint in the Underlying Action.

16. The Complaint in the Underlying Action also alleges that the surviving spouse and the surviving dependent children have been damaged as a result of the accident as well.

## THE POLICY

17. Motorists issued Policy No. 33-138027-10E effective August 18, 2016 to August 18, 2017 ("the Policy"). A copy of the Policy is attached hereto as Exhibit B.

18. The Policy contains the following language in its Garage Coverage Form's insuring agreement:

> SECTION 1 – COVERED AUTOS
>
> ITEM TWO of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos." The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos."
>
> A.   Description Of Covered Auto Designation Symbols
>
> SYMBOL              DESCRIPTION
>
> 21 = ANY "AUTO."
>
> * * *
>
> SECTION II – LIABILITY COVERAGE
>
> * * *
>
> A.   Coverage
>
> * * *
>
> 2.   "Garage Operations" – Covered "Autos"
>
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos."

19. The Policy includes within its Garage Coverage Form the following criteria for a person or entity to be considered an "insured" under the Policy for the alleged covered auto:

> 3. Who Is An Insured
>
>     a. The following are "insureds" for covered "autos":
>
>         (1) You for any covered "auto."
>
>         (2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
>
>             (a) The owner or anyone else from whom you hire or borrow a covered "auto."
>
>             \* \* \*
>
>             (b) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

20. The Policy contains within its Garage Coverage Form the following language regarding the limits of liability for one or multiple insureds under the Policy:

> **C. Limit of Insurance**
>
>     \* \* \*
>
> **2. Limit Of Insurance – "Garage Operations" – Covered "Autos"**
>
> For "accidents" resulting from "garage operations" involving the ownership, maintenance or use of covered "auto," the following applies:
>
> Regardless of the number of covered "autos," "insureds," premiums paid, claims made or vehicles involved in the "accident," the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance –

>"Garage Operations" – Covered "Autos" for Liability Coverage shown in the Declarations.
>
>Damages and "covered pollution cost or expense" payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos."
>
>All "bodily injury," "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident."
>
>No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## **REQUEST FOR DECLARATORY RELIEF**

21. While Motorists may have an obligation to defend Auto Sales, it may decline to indemnify Auto Sales and/or to pay any judgment to benefit Emerick on behalf of Auto Sales to the extent that the limit of liability under the Policy has been exhausted.

22. While Motorists may have had a duty to defend Hockett initially, it may be allowed to withdraw its defense of Hockett to the extent that the facts in the Underlying Action determine that Hockett was not acting within the course and scope of his employment and/or agency of Auto Sales at the time of the Accident alleged in the Underlying Action.

23. While Motorists may have had a duty to defend Hockett initially, it has no duty to indemnify Hockett to the extent that the facts in the Underlying Action determine that Hockett was not acting within the course and scope of his employment and/or agency of Auto Sales at the time of the Accident alleged in the Underlying Action.

24. To the extent that Motorists has an obligation to indemnify, in whole or in part, Hockett for any judgment which may be entered against him on behalf of Emerick, Motorists is not obligated to pay any amount above the limit of liability, a limit of liability which exists for both Auto Sales and Hockett collectively.

25. Motorists also reserves it right to withdraw the defense of either Auto Sales and/or Hockett and to deny indemnity, in whole or in part, because of other Policy language which may bar coverage or other conditions which may be found at a later time to be dispositive of these coverage issues.

WHEREFORE, Motorists Mutual Insurance Company prays:

(a) For a declaration that Policy No. 33-138027-10E effective August 18, 2016 to August 18, 2017 extends no duty to defend Chad Hockett in the Underlying Action;

(b) For a declaration that, because Policy No. 33-138027-10E effective August 18, 2016 to August 18, 2017 extends no duty to defend Chad Hockett in the Underlying Action, Motorists has the right to withdraw the defense of Hockett in the Underlying Action;

(c) For a declaration that Policy No. 33-138027-10E effective August 18, 2016 to August 18, 2017 provides no duty of Motorists Mutual to indemnify for any potential liability of Hockett in the Underlying Action;

(d) For a declaration that Motorists Mutual has no duty under Policy No. 33-138027-10E effective August 18, 2016 to August 18, 2017 to pay any judgment which may be awarded in favor of Emerick against Auto Sales in the Underlying Action to the

extent that the limit of liability has been reached by either settlement and/or indemnity payments as a result of a judgment against Auto Sales and/or Hockett.

   (e)  For a declaration that to the extent that Policy No. 33-138027-10 effective August 18, 2016 to August 18, 2017 would extend a duty to indemnify both Hockett and Auto Sales in the Underlying Action, the limit of liability under the Policy is $1,000,000 for each accident and under no circumstances would more than that limit of the Policy be available for judgments made in the Underlying Action against both Auto Sales and Hockett.

WHEREFORE, Plaintiff Motorists Mutual Insurance Company hereby requests declarations from this Court as referenced above and all other just and proper relief in the premises.

            Respectfully submitted,

            KIGHTLINGER & GRAY, LLP

            */s/Ginny L. Peterson*
            Ginny L. Peterson, #20305-41
            211 N. Pennsylvania Street
            One Indiana Square, Suite 300
            Indianapolis, Indiana 46204
            Tel: (317) 638-4521
            Fax: (317) 636-5917

            *Attorneys for Motorists Mutual Insurance Company*